UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

COREY ALAN BENNETT, )
)
    *Petitioner,* )
)
v. ) No.: 3:14-cv-597-TAV-CCS
)
MICHAEL DONAHUE, Warden, )
)
    *Respondent.* )

## MEMORANDUM AND ORDER

This state prisoner's *pro se* petition for a writ of habeas corpus under 28 U.S.C.§ 2254 was transferred to this Court by the Western District of Tennessee, with several motions still pending. The first of these is the respondent's unopposed motion to dismiss the petition as duplicative of an earlier filed petition in this Court which challenges the same conviction. *Bennett v. Donahue*, No. 3:14-CV-158-TAV-CCS (E.D. Tenn. filed Mar. 26, 2014). The respondent's motion is well-taken and will be **GRANTED**.

The petitioner recites in the pleading in the instant case that, on March 24, 2011, he was convicted in the Knox County Circuit Court in Criminal Case Number 119806 for failure to obey court orders, receiving a sentence of 53 days confinement, which he now claims has expired. In the prior § 2254 application cited by the respondent (i.e., No. 3:14-CV-158), the petitioner maintains that, in March, 2011, in Criminal Case Number 119806, he was convicted of contempt of court and sentenced to 53 days confinement. The earlier action is still pending before the Court.

Duplicative § 2254 petitions may not be maintained and the latter of the petitions may be dismissed. *See Davis v. U.S. Parole Comm'n*, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (finding that a petition which is essentially the same as a pending petition may be dismissed as duplicative); *see also Powell v. Warden, Madison Corr. Inst.*, No. 1:11-CV-162, 2011 WL 2848331, at *1-2 (S.D. Ohio June 22, 2011) (listing cases).

Accordingly, the Court **FINDS** that, in both petitions, the petitioner makes the same claims, challenges the same 2011 Knox County conviction, and names the same respondent and, thus, that the instant petition is duplicative of the earlier petition.

Therefore, the respondent's motion will be **GRANTED**, and this petition will be **DISMISSED** as duplicative.

Since this § 2254 application is being **DISMISSED**, the petitioner's motion for the appointment of counsel is **DENIED** as **MOOT** (Doc. 2).

Lastly, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ground (i.e., as a duplicative petition) upon which is based the dismissal. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Accordingly, the Court will also **DENY** issuance of a certificate of appealability, 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**A SEPARATE JUDGMENT WILL ENTER.**

**ENTER**:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE